Augustus D. Juilliard et al., copartners as A. D. Juilliard & Co., Defendants in Error, v. Jacob Friedman, trading as J. Friedman & Co., Plaintiff in Error.

Gen. No. 17,197.

SALES—*when fact of order cannot be established by memorandum.* On an issue whether goods had been ordered, the fact of the transaction cannot be established by memoranda produced by a salesman which were made by him subsequent to the alleged transaction between him and the purchaser and not in the presence of the purchaser.

Error to the Municipal Court of Chicago; the HON. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed November 7, 1912.

JULIUS N. HELDMAN and SIMON LA GROW, for plaintiff in error.

EDWARD J. QUEENY, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

A. D. Juilliard & Co., hereinafter called plaintiffs,

brought suit against Jacob Friedman, hereinafter called defendant, for "goods sold defendant on January 4, 1910, at his special instance and request and shipped on or about said date," and recovered a judgment for $288.87, the price which plaintiffs claim defendant agreed to pay for the goods.

It was claimed in defense that the defendant had not ordered the goods, and apparently the truth of this claim was the only issue on the trial. The evidence shows that upon receipt of the goods the defendant returned them to plaintiffs, who retained them.

Complaint is made of the instructions of the court and of rulings on the evidence, but we do not comment thereon, as the judgment must be reversed and the cause remanded for the following reason: The salesman of plaintiffs, having testified that he had taken the order in question and to the circumstances of the transaction, was asked: "Have you any books or memorandum upholding your statement on that point?" Thereupon the witness produced certain memoranda which were made by him subsequent to the alleged transaction between him and the defendant, and not in the presence of the defendant. The court permitted this memoranda to go to the jury for the purpose of establishing the fact of the transaction. This was reversible error. Such memorandum may be used to refresh the recollection of the witness, and the opposite party is entitled to cross-examine the witness thereon for the purpose of showing that it could not properly refresh the memory of the witness, but it cannot be used for the purpose of establishing the facts therein contained. Wigmore on Evidence, vol. 1, sec. 763, and cases there cited.

No question is raised as to the amount plaintiff may be entitled to recover, if anything, where the goods are returned by the defendant and retained by the plaintiff.

*Reversed and remanded.*